Citation Nr: 1619681 
Decision Date: 05/16/16 Archive Date: 05/27/16

DOCKET NO. 13-25 429A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in New York, New York


THE ISSUE

Entitlement to compensation under the provisions of 38 U.S.C.A. § 1151 for failed Bristow type reconstruction of the left shoulder due to Department of Veterans Affairs (VA) surgeries conducted on February 12, 2010 and March 5, 2010.


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

A. D. Jackson, Counsel



INTRODUCTION

The Veteran reportedly had active service from April 1982 to April 1986.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an August 2011 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in New York, New York. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

In the Veteran's substantive appeal (VA Form 9), received in September 2013, he indicated that he wanted to attend a hearing before a Veterans Law Judge at the RO. A hearing was scheduled for April 21, 2016. In a letter received on April 6, 2016, the Veteran requested that the RO postpone the hearing. In an April 2016 motion, the Veteran's representative requested to reschedule the hearing, which has been granted by the undersigned Veterans Law Judge (VLJ). 

Accordingly, the case is REMANDED for the following action:

The RO should schedule the Veteran for a hearing before a Veterans Law Judge at the RO in accordance with applicable procedures. If the Veteran determines that he no longer wants a hearing, he should so indicate writing to the RO. 

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
BRADLEY W. HENNINGS
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).